IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,516-01






EX PARTE JAMES B. CHISEN III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D080582-R IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifty years' imprisonment. The Ninth Court of Appeals affirmed his
conviction. Chisem v. State, No. 09-09-00184-CR (Tex. App.-Beaumont Oct. 13, 2010)
(unpublished). 

 This Court remanded this application for findings as to whether appellate counsel fulfilled
her duties to timely notify Applicant that the appellate court had overruled a motion for rehearing,
causing deadlines to file a pro-se PDR to run. Appellate counsel submitted an affidavit and exhibits
and the trial court made findings that counsel fulfilled her duties to Applicant. However, Applicant
recently sent a statement written under penalty of perjury to this Court alleging that he never received
counsel's letter. He contends that the mail logs from the Telford Unit corroborate his claim.
Although this statement is not before the trial court and is not properly part of the habeas record, we
believe it is appropriate to consider Applicant's allegation. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Riley, 193
S.W.3d 900 (Tex. Crim. App. 2006); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain the mail logs from the Telford Prison Unit from the time counsel sent a
letter notifying Applicant of the disposition of her motion for rehearing through the last day
Applicant could have filed a pro-se petition for discretionary review. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact addressing Applicant's claim that he never received
notice from appellate counsel that the motion for rehearing had been overruled. Specifically, the trial
court shall make findings addressing whether Applicant received counsel's letter between the date
it was mailed and the last day he had to file his pro-se PDR. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 15, 2011

Do not publish